UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| SHANA GRAY, Individually and on behalf of all others similarly situated, | : : : | Civil Action No. 18-cv-7336 |
| Plaintiff, | : : : | **COLLECTIVE ACTION COMPLAINT AND JURY DEMAND** |
| v. | : : : |  |
| THE CJS SOLUTIONS GROUP, LLC d/b/a THE HCI GROUP, | : : : |  |
| Defendant. | : : | |

Plaintiff SHANA GRAY ("Plaintiff" or "Gray"), individually and on behalf of all others similarly situated, by and through her undersigned counsel, files this Collective Action Complaint against Defendant THE CJS SOLUTIONS GROUP, LLC d/b/a THE HCI GROUP ("Defendant" or "HCI") for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* The following allegations are based upon personal knowledge as to Plaintiff's own conduct and as for all other matters, upon information and belief, as well as investigation made by counsel.

## NATURE OF PLAINTIFF'S CLAIMS

1.      Plaintiff alleges that she and other similarly situated At-The-Elbow Support Consultants ("ATEs") were improperly classified as independent contractors and were not paid proper overtime compensation for hours worked in excess of forty (40) in any given workweek.

2.      Plaintiff brings her FLSA claims pursuant to 29 U.S.C. § 216(b) and seeks to recover overtime compensation and statutory penalties, for herself and all other similarly situated individuals, for all time worked in excess of 40 hours in any workweek during the three-year period preceding the filing of this Complaint.

## JURISDICTION AND VENUE

3.      This Court has subject-matter jurisdiction over this action pursuant to 29 U.S.C.

§216(b), which provides that suits under the FLSA "may be maintained against any employer

[…] in any Federal or State court of competent jurisdiction." Plaintiff has signed an opt-in

consent form to join this lawsuit. *See* Exhibit A.

4.      This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28

U.S.C. § 1331 because her claims arise under the FLSA.

5.      This Court has personal jurisdiction because Defendant conducts business in this

judicial district.

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), because a

substantial part of the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

7.      Plaintiff Gray is a resident of Covington, Georgia and worked for Defendant as an

ATE from 2013 to 2018, providing assistance to HCI's clients in using healthcare-related

software. Specifically, Plaintiff Gray worked for HCI at Mt. Sinai Hospital in New York, NY

from November 2017 to December 2017. At all relevant times, Plaintiff Gray has been an

employee within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

8.      Defendant HCI is a Florida limited liability company that recruits, hires, and

manages workers to assist and train healthcare staff with the implementation and administration

of healthcare-related software at HCI's client organizations throughout New York, including this

District, and nationwide.

## PLAINTIFF'S FACTUAL ALLEGATIONS

9.      Plaintiff and other similarly situated ATEs are individuals who have worked for HCI as an ATE or any other similarly-titled, hourly paid position during the statutory period. Amongst other things, Plaintiff and other similarly situated ATEs all shared similar job titles, training, job descriptions and job tasks.

10.     HCI provides information technology training services for the healthcare industry throughout the United States, including New York.

11.     Plaintiff Gray worked as an ATE for HCI during the statutory period and was assigned to Mt. Sinai Hospital in New York, NY from November 2017 to December 2017.

12.     Plaintiff's and other similarly situated ATEs' primary duty was to provide assistance to healthcare provider staff in using healthcare-related software. Plaintiff and other similarly situated ATEs provided "hands-off" interaction with the healthcare provider entity's employees to help them use such software. Plaintiff and other similarly situated ATEs had little discretion in the performance of their job and worked within closely-prescribed limits provided by HCI. More complex issues, such as technical issues with the software, were escalated to the next level.

13.     Plaintiff and other similarly situated ATEs were paid on an hourly basis.

14.     HCI unlawfully classified Plaintiff and other similarly situated ATEs as "independent contractors," even though HCI supervised, maintained substantial control, and reserved the right to control them, the conditions of their work, and the performance of their work.

15.    Plaintiff and other similarly situated ATEs performed work that was an integral part of HCI's business, *i.e.*, providing information technology educational services to the healthcare industry.

16.    HCI provided all training and equipment necessary for Plaintiff and other similarly situated ATEs to perform their job duties.

17.    Plaintiff and other similarly situated ATEs had little or no opportunity for profit or loss related to their work with HCI. HCI paid them a fixed hourly rate of pay for all time worked, including time over forty (40) hours in any given workweek.

18.    Plaintiff and other similarly situated ATEs performed work that did not require special skill, judgment or initiative. HCI provided training to Plaintiff and other similarly situated ATEs.

19.    Plaintiff and other similarly situated ATEs were economically dependent on HCI and, given their assigned work schedules, could not perform services for any other company during their time working for HCI.

20.    Plaintiff and other similarly situated ATEs had no control over pricing for billing HCI's clients.

21.    Plaintiff and other similarly situated ATEs did not perform job duties that would otherwise permit HCI to lawfully classify them as exempt under the FLSA.

22.    HCI encouraged, required and/or permitted Plaintiff and other similarly situated ATEs to work more than 40 hours per week. Specifically, HCI regularly required Plaintiff and other similarly situated ATEs to work 12-hour shifts, 6 or 7 days per week. For example, during the workweek of November 27, 2017 to December 4, 2017, Plaintiff Gray worked approximately

84 hours and did not receive any overtime compensation for any hours worked beyond 40 in this workweek.

23.     HCI dictated, controlled, and ratified the wage and hour and all related employee compensation policies. Specifically, HCI paid Plaintiff and other similarly situated ATEs a straight hourly rate for all time worked, including time worked in excess of 40 hours in any given workweek.

24.     Plaintiff and other similarly situated ATEs were subject to Defendant's uniform policies and practices and were victims of Defendant's schemes to deprive them of overtime compensation. As a result of Defendant's improper and willful failure to pay Plaintiff and other similarly situated ATEs in accordance with the requirements of the FLSA, Plaintiff and other similarly situated ATEs suffered lost wages and other damages.

## FLSA COLLECTIVE ACTION ALLEGATIONS

25.     Plaintiff brings Count I of this lawsuit pursuant to § 216(b) of the FLSA as a collective action on behalf of herself and the following class of potential opt-in litigants (the "FLSA Collective"):

> All individuals who were classified as independent contractors by Defendant that currently work, or have worked, for Defendant as an ATE or any other similarly-titled, hourly-paid position, during the applicable statute of limitations of period and have not already released their claims.

26.     Plaintiff reserves the right to re-define the FLSA Collective prior to notice or collective certification, and thereafter, as necessary.

27.     Plaintiff and other members of the FLSA Collective are similarly situated inasmuch as, *inter alia*, Defendant required them to work in excess of 40 hours in any given workweek without paying them proper overtime compensation.

28.     Defendant knew or should have known that Plaintiff and other similarly situated ATEs worked in excess of 40 hours in any given workweek. Nonetheless, Defendant has operated under a scheme to deprive Plaintiff and the other members of the FLSA Collective of overtime compensation by failing to properly compensate them for all overtime worked.

**COUNT I**
**VIOLATION OF THE FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY EARNED OVERTIME**

29.     Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

30.     Count I arises from Defendant's violation of the FLSA, for its failure to pay overtime wages earned by Plaintiff and other similarly situated ATEs.

31.     At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32.     At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

33.     At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

34.     FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least 1½ times the employee's regular rate of pay, for all hours worked in excess of 40 hours per week.

35.     Throughout the relevant period, Defendant violated the FLSA by engaging in a common scheme of routinely suffering or permitting Plaintiff and other similarly situated ATEs to work overtime hours per week, but paying them only their regular hourly rate of pay for those additional hours.

36.     Throughout the relevant period, Plaintiff and other similarly situated ATEs worked in excess of 40 hours per week, but were not paid an overtime premium of 1½ times their regular hourly rate for those additional hours.

37.     The foregoing actions of Defendant violated the FLSA.

38.     The conduct alleged above reduced HCI's labor and payroll costs.

39.     Defendant has acted willfully and has either known that its conduct violated the FLSA or has shown reckless disregard for the matter of whether its conduct violated the FLSA. Defendant has not acted in good faith with respect to the conduct alleged herein.

40.     Upon information and belief, Defendant did not inquire into whether its compensation practices with respect to Plaintiff and ATEs complied with the law.  Defendant did not take affirmative steps to ensure that its compensation practices with respect to Plaintiff and ATEs complied with the law.

41.     Plaintiff and other similarly situated ATEs were subject to HCI's common scheme of depriving ATEs of all earned overtime compensation, and as a result of HCI's improper and willful common pay plan, Plaintiff and other similarly situated ATEs suffered lost wages and other damages.

7

42.     Although Plaintiff and other ATEs may have had different job titles and/or worked in different locations throughout the relevant period, this action may nonetheless be properly maintained as a collective action because:

a.      Plaintiff and other similarly situated ATEs were all paid an hourly rate of pay;

b.      Plaintiff and other similarly situated ATEs routinely worked in excess of 40 hours per week;

c.      Regardless of job title or location, Defendant did not pay Plaintiff and other similarly situated ATEs an overtime premium of 1½ times their regular hourly rate for all time worked in excess of 40 hours per week; and

d.      Defendant maintains common pay plans and policies with respect to Plaintiff and other similarly situated ATEs, regardless of their job title or location.

43.     Plaintiff and other similarly situated ATEs have been harmed as a direct and proximate result of Defendant's unlawful conduct because they have been deprived of overtime wages owed for time worked in excess of 40 hours per week from which Defendant derived a direct and substantial benefit.

44.     Defendant is liable to Plaintiff and other similarly situated ATEs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. §216(b), as well as reasonable attorneys' fees, costs and expenses.

45.     Plaintiff and other similarly situated ATEs are also entitled to injunctive relief to prevent Defendant from continuing its violation of the FLSA and other appropriate collective-wide injunctive relief.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, by and through her attorneys, demands judgment against Defendant HCI, and in favor of the Plaintiff and all others similarly situated, for a sum that will properly, adequately, and

completely compensate Plaintiff and all others similarly situated for the nature, extent, and duration of their damages, the costs of this action, and as follows:

A. Order the Defendant to file with this Court and furnish to Plaintiff's counsel a list of all names, telephone numbers, e-mail addresses and home addresses of all individuals as defined above as the FLSA Collective;

B. Authorize Plaintiff's counsel to issue notice via U.S. Mail and e-mail at the earliest possible time to all individuals as defined above as the FLSA Collective, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of overtime compensation, as required by the FLSA;

C. Certify this case as a collective action under the FLSA;

D. Appoint Stephan Zouras, LLP and Shavitz Law Group, P.A. as counsel for the Plaintiff;

E. Declare and find that Defendant committed one or more of the following acts:

i. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff and similarly-situated persons who opt-in to this action; and

ii. Willfully violated provisions of the FLSA;

F. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;

G. Award liquidated damages;

H. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

I. Award all costs and reasonable attorneys' fees incurred prosecuting this case;

J. Grant leave to amend to add claims under applicable state and federal laws;

K. Approve reasonable service awards for the Plaintiff and any additional Plaintiffs;

L.      Grant leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

M.      For such further relief as the Court deems just and equitable.

## DEMAND FOR A JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: August 14, 2018                              Respectfully submitted,

_____
Michael Palitz
**SHAVITZ LAW GROUP, P.A.**
830 Third Avenue, 5th Floor
New York, NY 10022
Tel: (800) 616-4000
Fax: (561) 447-8831
mpalitz@shavitzlaw.com

Gregg I. Shavitz*
**SHAVITZ LAW GROUP, P.A.**
951 Yamato Rd., Suite 285
Boca Raton, FL 33431
Tel: (561) 447-8888
Fax: (561) 447-8831
gshavitz@shavitzlaw.com

Ryan F. Stephan*
Catherine T. Mitchell*
**STEPHAN ZOURAS, LLP**
205 North Michigan Avenue, Suite 2560
Chicago, IL 60601
Tel: (312) 233-1550
Fax: (312) 233-1560
rstephan@stephanzouras.com
cmitchell@stephanzouras.com

*to apply for admission *pro hac vice*